1  TRACY L. WILKISON
   Acting United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   BYRON R. TUYAY (Cal. Bar No. 308049)
4  Assistant United States Attorney
   Riverside Branch Office
5       United States Attorney's Office
        3403 Tenth Street, Suite 200
6       Riverside, California 92501
        Telephone: (951) 276-6230
7       Facsimile: (951) 276-6202
        E-mail:    byron.tuyay@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,          ED CR No. 21-000155-JWH-2

13            Plaintiff,               PLEA AGREEMENT FOR DEFENDANT
                                       NYLENE KRISTINE AMESQUITA
14            v.

15  NYLENE KRISTINE AMESQUITA,

16            Defendant.

17

18       1.   This constitutes the plea agreement between NYLENE KRISTINE

19  AMESQUITA ("defendant") and the United States Attorney's Office for

20  the Central District of California ("the USAO") in the above-

21  captioned case.  This agreement is limited to the USAO and cannot

22  bind any other federal, state, local, or foreign prosecuting,

23  enforcement, administrative, or regulatory authorities.

24              DEFENDANT'S OBLIGATIONS

25       2.   Defendant agrees to:

26            a.   At the earliest opportunity requested by the USAO and

27  provided by the Court, appear and plead guilty to counts one and

28  thirteen of the indictment in United States v. Guizar, et al., ED CR

No. 21-000155-JWH, which charges defendant with Conspiracy, in violation of 18 U.S.C. § 1349, and Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

## THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable

1   Sentencing Guidelines range, the propriety and extent of any

2   departure from that range, and the sentence to be imposed.

3           d.    At the time of sentencing, provided that defendant

4   demonstrates an acceptance of responsibility for the offenses up to

5   and including the time of sentencing, recommend a two-level reduction

6   in the applicable Sentencing Guidelines offense level, pursuant to

7   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

8   additional one-level reduction if available under that section.

9                           NATURE OF THE OFFENSES

10      4.    Defendant understands that for defendant to be guilty of

11  the crime charged in count one, that is, Conspiracy, in violation of

12  18 U.S.C. § 1349, the following must be true: (1) Beginning no later

13  than on or about August 1, 2020 and continuing through at least on or

14  about October 24, 2020, there was an agreement between two or more

15  persons to commit at least one crime as charged in the indictment;

16  (2) defendant became a member of the conspiracy knowing of at least

17  one of its objects and intending to help accomplish it; and (3) one

18  of the members of the conspiracy performed at least one overt act for

19  the purpose of carrying out the conspiracy.

20      5.    Defendant understands that for defendant to be guilty of

21  the crime charged in count thirteen, that is, Aggravated Identity

22  Theft, in violation of 18 U.S.C. § 1028A(a)(1), the following must be

23  true: (1) defendant knowingly possessed or used without legal

24  authority a means of identification of another person; (2) defendant

25  knew that the means of identification belonged to a real person; and

26  (3) defendant did so during and in relation to a conspiracy to commit

27  mail fraud and wire fraud.

28

## PENALTIES

6.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1349, is: 20 years' imprisonment; a 5-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1028A(a)(1), is: 2 years' imprisonment; 1 year of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.    Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 22 years' imprisonment; a 5-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.[1]

9.    Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 18 U.S.C. § 1028A(1), as charged in count thirteen of the indictment, is a 2-

---

[1] Defendant understands that there is case law suggesting that the term of supervised release on count thirteen could be imposed to run consecutively to the terms of supervised release on the other counts.  While the USAO does not intend to seek a consecutive term of supervised release, defendant understands that if the Court were to impose a consecutive term of supervised release, the maximum term of supervised release for all of the counts of conviction would be 6 years, rather than 5 years as stated in the text above.

1  year term of imprisonment, which must run consecutive to any other

2  sentence of imprisonment, and a mandatory special assessment of $100.

3      10.  Defendant understands that supervised release is a period

4  of time following imprisonment during which defendant will be subject

5  to various restrictions and requirements.  Defendant understands that

6  if defendant violates one or more of the conditions of any supervised

7  release imposed, defendant may be returned to prison for all or part

8  of the term of supervised release authorized by statute for the

9  offense that resulted in the term of supervised release, which could

10 result in defendant serving a total term of imprisonment greater than

11 the statutory maximum stated above.

12     11.  Defendant understands that, by pleading guilty, defendant

13 may be giving up valuable government benefits and valuable civic

14 rights, such as the right to vote, the right to possess a firearm,

15 the right to hold office, and the right to serve on a jury.

16 Defendant understands that she is pleading guilty to a felony and

17 that it is a federal crime for a convicted felon to possess a firearm

18 or ammunition.  Defendant understands that the convictions in this

19 case may also subject defendant to various other collateral

20 consequences, including but not limited to revocation of probation,

21 parole, or supervised release in another case and suspension or

22 revocation of a professional license.  Defendant understands that

23 unanticipated collateral consequences will not serve as grounds to

24 withdraw defendant's guilty pleas.

25     12.  Defendant and his counsel have discussed the fact that, and

26 defendant understands that, if defendant is not a United States

27 citizen, the convictions in this case makes it practically inevitable

28 and a virtual certainty that defendant will be removed or deported

1  from the United States.  Defendant may also be denied United States

2  citizenship and admission to the United States in the future.

3  Defendant understands that while there may be arguments that

4  defendant can raise in immigration proceedings to avoid or delay

5  removal, removal is presumptively mandatory and a virtual certainty

6  in this case.  Defendant further understands that removal and

7  immigration consequences are the subject of a separate proceeding and

8  that no one, including her attorney or the Court, can predict to an

9  absolute certainty the effect of her convictions on her immigration

10 status.  Defendant nevertheless affirms that she wants to plead

11 guilty regardless of any immigration consequences that her pleas may

12 entail, even if the consequence is automatic removal from the United

13 States.

14                          FACTUAL BASIS

15     13.   Defendant admits that defendant is, in fact, guilty of the

16 offenses to which defendant is agreeing to plead guilty.  Defendant

17 and the USAO agree to the statement of facts provided below and agree

18 that this statement of facts is sufficient to support pleas of guilty

19 to the charges described in this agreement and to establish the

20 Sentencing Guidelines factors set forth in paragraph 14 below but is

21 not meant to be a complete recitation of all facts relevant to the

22 underlying criminal conduct or all facts known to either party that

23 relate to that conduct.

24 **EDD Unemployment Benefits Background**

25     The United States Department of Labor's unemployment insurance

26 ("UI") program provides temporary benefits to eligible workers who

27 became unemployed through no fault of their own.  The UI benefits

28 ensure that at least a significant portion of the necessities of life

1   -- most notably, food, shelter, and clothing -- are met on a weekly
2   basis while the worker seeks employment.  In California, the
3   Employment Development Department ("EDD") administers the UI program
4   for residents and others who physically performed work activities in
5   California.

6       Generally, to receive UI benefits, claimants must be: (1)
7   unemployed through no fault of their own; (2) able to, and available
8   for, work; (3) willing to accept suitable work; and (4) actively
9   seeking work.  Applications for UI benefits may be made online from
10  any digital device, including smartphones, that connects to the
11  Internet and can access the EDD website's UI benefits page.  In
12  response to the UI benefits applications, the EDD provides UI funds
13  to qualifying claimants via an electronic bill payment ("EBP") debit
14  card administered by Bank of America, a federally insured financial
15  institution.  The EBP cards are sent via the United States Postal
16  Service to each qualifying claimant at the address the claimant
17  provided in the UI benefits application.

18  **Defendant Conspired to Defraud EDD**

19      Beginning on a date note later than on August 1, 2020 and
20  continuing through at least October 24, 2020, in San Bernardino
21  County within the Central District of California, and elsewhere,
22  defendant and Jairo Reynaga Guizar, together with other co-
23  conspirators, knowingly and with intent to defraud, conspired to
24  commit mail fraud by filing fraudulent applications for UI benefits
25  to the EDD.

26      Specifically, defendant, Guizar, and co-conspirators compiled
27  personally identifiable information ("PII") of other people without
28  those persons' authorization, including their names, dates of birth,

1   and social security numbers.   Defendant and co-conspirators then used

2   the PII to submit false and fraudulent applications for UI benefits

3   to the EDD.   In doing so, co-conspirators falsely represented to the

4   EDD that they were the named claimants in the applications.

5       As part of the conspiracy, defendant knew that the UI benefits

6   applications that she, Guizar, and co-conspirators submitted to the

7   EDD concealed material facts and contained false information so that

8   the EDD would approve the applications.   For instance, defendant and

9   co-conspirators falsely claimed on UI benefits applications that

10  persons for whom they submitted UI benefits applications lived at

11  mailing addresses they listed on the UI benefits applications.

12  Defendant and co-conspirators also falsely claimed on applications

13  that the persons whose PII they used to file UI benefits applications

14  were eligible to receive UI benefits when, in fact, those people were

15  not able and available to work, not actively seeking employment, or,

16  in some cases, had never worked or lived in California at all.

17      By submitting online applications for UI benefits to the EDD,

18  defendant and co-conspirators caused correspondence from EDD and EBP

19  debit cards from Bank of America to be sent via United States Postal

20  Service to addresses that they controlled.

21      Defendant and Guizar obtained EBP debit cards and used the cards

22  to make purchases at retail stores and to make cash withdrawals at

23  automated teller machines ("ATMs").

24      Between approximately August 1, 2020 through approximately

25  October 24, 2020, defendant, Guizar, and their co-conspirators

26  fraudulently caused the EDD to transfer at least $629,520 of UI

27  benefits payments to EBP debit card accounts held in the names of

28

1  other persons, but controlled by defendant, Guizar, or their co-

2  conspirators.

3  **Defendant's Overt Acts**

4      Defendant committed various overt acts in furtherance of the

5  conspiracy to defraud the EDD including the following:

6      On September 2, 2020, defendant and Guizar used the EBP debit

7  cards held in the names of victims A.S., B.H., S.U., R.C., and P.A.

8  to withdraw $1,000 from accounts held in the name of each victim at

9  an ATM in Victorville, California.

10     On September 4, 2020, defendant and her brother R.A. used victim

11  P.A. and S.U.'s EBP debit cards for two $13,000 charges at a car

12  dealership toward the purchase of a Cadillac sedan.

13     On September 10, 2020, defendant possessed victim P.A.'s EBP

14  debit card in a car parked at Guizar's residence and an EBP debit

15  card held in the name of victim J.L.

16     On or about October 24, 2020, defendant knowingly possessed and

17  used without legal authority a means of identification, namely, an

18  EBP debit card bearing the name of a victim L.D., to make a $1,000

19  cash withdrawal from an ATM in Victorville, California.  Defendant

20  knew that L.D. was a real person and that the card she was using had

21  been fraudulently obtained using L.D.'s PII.  Defendant made the cash

22  withdrawal during and in relation to carrying out a conspiracy to

23  commit mail fraud.

24                          SENTENCING FACTORS

25     14.  Defendant understands that in determining defendant's

26  sentence the Court is required to calculate the applicable Sentencing

27  Guidelines range and to consider that range, possible departures

28  under the Sentencing Guidelines, and the other sentencing factors set

                                  9

1  forth in 18 U.S.C. § 3553(a). Defendant understands that the

2  Sentencing Guidelines are advisory only, that defendant cannot have

3  any expectation of receiving a sentence within the calculated

4  Sentencing Guidelines range, and that after considering the

5  Sentencing Guidelines and the other § 3553(a) factors, the Court will

6  be free to exercise its discretion to impose any sentence it finds

7  appropriate between the mandatory minimum and up to the maximum set

8  by statute for the crimes of conviction.

9      15.  Defendant and the USAO agree to the following applicable

10  Sentencing Guidelines factors:

11     Base Offense Level:              7        U.S.S.G. § 2B1.1(a)(1)

12     Loss between $550,000 and
   $1,500,000                    +14       U.S.S.G. § 2B1.1(b)(1)(H)

13     10 or more victims:            +2    U.S.S.G.§ 2B1.1(b)(2)(A)(i)

14

15  Defendant and the USAO reserve the right to argue that additional

16  specific offense characteristics, adjustments, and departures under

17  the Sentencing Guidelines are appropriate. Defendant understands

18  that the Court must sentence defendant to a term of 2 years

19  imprisonment on count 13, which must run consecutive to any term of

20  imprisonment imposed for count 1.

21      16.  Defendant understands that there is no agreement as to

22  defendant's criminal history or criminal history category.

23      17.  Defendant and the USAO reserve the right to argue for a

24  sentence outside the sentencing range established by the Sentencing

25  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

26  (a)(2), (a)(3), (a)(6), and (a)(7).

27

28

1
WAIVER OF CONSTITUTIONAL RIGHTS

2    18.   Defendant understands that by pleading guilty, defendant

3 gives up the following rights:

4        a.   The right to persist in a plea of not guilty.

5        b.   The right to a speedy and public trial by jury.

6        c.   The right to be represented by counsel — and if

7 necessary have the Court appoint counsel — at trial.   Defendant

8 understands, however, that, defendant retains the right to be

9 represented by counsel — and if necessary have the Court appoint

10 counsel — at every other stage of the proceeding.

11        d.   The right to be presumed innocent and to have the

12 burden of proof placed on the government to prove defendant guilty

13 beyond a reasonable doubt.

14        e.   The right to confront and cross-examine witnesses

15 against defendant.

16        f.   The right to testify and to present evidence in

17 opposition to the charges, including the right to compel the

18 attendance of witnesses to testify.

19        g.   The right not to be compelled to testify, and, if

20 defendant chose not to testify or present evidence, to have that

21 choice not be used against defendant.

22        h.   Any and all rights to pursue any affirmative defenses,

23 Fourth Amendment or Fifth Amendment claims, and other pretrial

24 motions that have been filed or could be filed.

25
WAIVER OF APPEAL OF CONVICTION

26    19.   Defendant understands that, with the exception of an appeal

27 based on a claim that defendant's guilty pleas were involuntary, by

28 pleading guilty defendant is waiving and giving up any right to

11

appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

20.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 75 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21.  The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 65 months, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

22.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

23.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

24.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the

USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

25.    Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.    Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any

14

1  evidence derived from the statements should be suppressed or are

2  inadmissible.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

### OFFICE NOT PARTIES

5       26.  Defendant understands that the Court and the United States

6  Probation and Pretrial Services Office are not parties to this

7  agreement and need not accept any of the USAO's sentencing

8  recommendations or the parties' agreements to facts or sentencing

9  factors.

10      27.  Defendant understands that both defendant and the USAO are

11  free to: (a) supplement the facts by supplying relevant information

12  to the United States Probation and Pretrial Services Office and the

13  Court, (b) correct any and all factual misstatements relating to the

14  Court's Sentencing Guidelines calculations and determination of

15  sentence, and (c) argue on appeal and collateral review that the

16  Court's Sentencing Guidelines calculations and the sentence it

17  chooses to impose are not error, although each party agrees to

18  maintain its view that the calculations in paragraph 14 are

19  consistent with the facts of this case.  While this paragraph permits

20  both the USAO and defendant to submit full and complete factual

21  information to the United States Probation and Pretrial Services

22  Office and the Court, even if that factual information may be viewed

23  as inconsistent with the facts agreed to in this agreement, this

24  paragraph does not affect defendant's and the USAO's obligations not

25  to contest the facts agreed to in this agreement.

26      28.  Defendant understands that even if the Court ignores any

27  sentencing recommendation, finds facts or reaches conclusions

28  different from those agreed to, and/or imposes any sentence up to the

maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

29.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney


*BR Tuyay*                              11/16/2021
BYRON R. TUYAY                          Date
Assistant United States Attorney

*N. Amesquita*                          11/12/21
NYLENE KRISTINE AMESQUITA               Date
Defendant

*CM Et*                                 11/12/21
CHARLES EATON                           Date
Deputy Federal Public Defender
Attorney for Defendant AMESQUITA

17

1

<u>CERTIFICATION OF DEFENDANT</u>

2    I have read this agreement in its entirety.  I have had enough

3 time to review and consider this agreement, and I have carefully and

4 thoroughly discussed every part of it with my attorney.  I understand

5 the terms of this agreement, and I voluntarily agree to those terms.

6 I have discussed the evidence with my attorney, and my attorney has

7 advised me of my rights, of possible pretrial motions that might be

8 filed, of possible defenses that might be asserted either prior to or

9 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10 of relevant Sentencing Guidelines provisions, and of the consequences

11 of entering into this agreement.  No promises, inducements, or

12 representations of any kind have been made to me other than those

13 contained in this agreement.  No one has threatened or forced me in

14 any way to enter into this agreement.  I am satisfied with the

15 representation of my attorney in this matter, and I am pleading

16 guilty because I am guilty of the charges and wish to take advantage

17 of the promises set forth in this agreement, and not for any other

18 reason.

19

20 NYLENE KRISTINE AMESQUITA            Date
   Defendant

21

22

23

24

25

26

27

28

1          CERTIFICATION OF DEFENDANT'S ATTORNEY

2          I am NYLENE KRISTINE AMESQUITA's attorney.   I have carefully and

3    thoroughly discussed every part of this agreement with my client.

4    Further, I have fully advised my client of her rights, of possible

5    pretrial motions that might be filed, of possible defenses that might

6    be asserted either prior to or at trial, of the sentencing factors

7    set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8    provisions, and of the consequences of entering into this agreement.

9    To my knowledge: no promises, inducements, or representations of any

10   kind have been made to my client other than those contained in this

11   agreement; no one has threatened or forced my client in any way to

12   enter into this agreement; my client's decision to enter into this

13   agreement is an informed and voluntary one; and the factual basis set

14   forth in this agreement is sufficient to support my client's entry of

15   a guilty pleas pursuant to this agreement.

16

17   _____          _____
     CHARLES EATON                          Date
18   Deputy Federal Public Defender
     Attorney for Defendant AMESQUITA

19

20

21

22

23

24

25

26

27

28

                              19

obligations under this agreement, including in particular its obligations regarding the use of Cooperation Information; (b) in any investigation, criminal prosecution, or civil, administrative, or regulatory action, defendant agrees that any Cooperation Information and any evidence derived from any Cooperation Information shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, or any federal rule, that any Cooperation Information or any evidence derived from any Cooperation Information should be suppressed or is inadmissible; and (c) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of the Plea Agreements, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of the Plea Agreements and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing the Plea Agreements.

EFFECTIVE DATE OF AGREEMENT

7.    This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

8.    Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of

6

1  defendant's obligations under this agreement ("a breach"), the USAO
2  may declare this agreement breached.  For example, if defendant
3  knowingly, in an interview, before a grand jury, or at trial, falsely
4  accuses another person of criminal conduct or falsely minimizes
5  defendant's own role, or the role of another, in criminal conduct,
6  defendant will have breached this agreement.  All of defendant's
7  obligations are material, a single breach of this agreement is
8  sufficient for the USAO to declare a breach, and defendant shall not
9  be deemed to have cured a breach without the express agreement of the
10 USAO in writing.  If the USAO declares this agreement breached, and
11 the Court finds such a breach to have occurred, then:

12         a.   If defendant has previously entered guilty pleas
13 pursuant to the Plea Agreements, defendant will not be able to
14 withdraw the guilty pleas.

15         b.   The USAO will be relieved of all its obligations under
16 the Plea Agreements; in particular, the USAO: (i) will no longer be
17 bound by any agreements concerning sentencing and will be free to
18 seek any sentence up to the statutory maximum for the crimes to which
19 defendant has pleaded guilty; (ii) will no longer be bound by any
20 agreements regarding criminal prosecution, and will be free to
21 criminally prosecute defendant for any crime, including charges that
22 the USAO would otherwise have been obligated to dismiss pursuant to
23 the Plea Agreements; and (iii) will no longer be bound by any
24 agreement regarding the use of Cooperation Information and will be
25 free to use any Cooperation Information in any way in any
26 investigation, criminal prosecution, or civil, administrative, or
27 regulatory action.
28

1        c.   The USAO will be free to criminally prosecute
2    defendant for false statement, obstruction of justice, and perjury
3    based on any knowingly false or misleading statement by defendant.
4        d.   In any investigation, criminal prosecution, or civil,
5    administrative, or regulatory action: (i) defendant will not assert,
6    and hereby waives and gives up, any claim that any Cooperation
7    Information was obtained in violation of the Fifth Amendment
8    privilege against compelled self-incrimination; and (ii) defendant
9    agrees that any Cooperation Information and any Plea Information, as
10   well as any evidence derived from any Cooperation Information or any
11   Plea Information, shall be admissible against defendant, and
12   defendant will not assert, and hereby waives and gives up, any claim
13   under the United States Constitution, any statute, Rule 410 of the
14   Federal Rules of Evidence, Rule 11(f) of the Federal Rules of
15   Criminal Procedure, or any other federal rule, that any Cooperation
16   Information, any Plea Information, or any evidence derived from any
17   Cooperation Information or any Plea Information should be suppressed
18   or is inadmissible.
19        9.   Following the Court's finding of a knowing breach of the
20   Plea Agreements by defendant, should the USAO choose to pursue any
21   charge or any civil, administrative, or regulatory action that was
22   either dismissed or not filed as a result of the Plea Agreements,
23   then:
24        a.   Defendant agrees that any applicable statute of
25   limitations is tolled between the date of defendant's signing the
26   Plea Agreements and the filing commencing any such action.
27        b.   Defendant waives and gives up all defenses based on
28   the statute of limitations, any claim of pre-indictment delay, or any

8

1    speedy trial claim with respect to any such action, except to the

2    extent that such defenses existed as of the date of defendant's

3    signing the Plea Agreements.

4                COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

5                              OFFICE NOT PARTIES

6         10.   Defendant understands that the Court and the United States

7    Probation and Pretrial Services Office are not parties to the Plea

8    Agreements and need not accept any of the USAO's sentencing

9    recommendations or the parties' agreements to facts or sentencing

10   factors.

11        11.   Defendant understands that both defendant and the USAO are

12   free to: (a) supplement the facts by supplying relevant information

13   to the United States Probation and Pretrial Services Office and the

14   Court, (b) correct any and all factual misstatements relating to the

15   Court's Sentencing Guidelines calculations and determination of

16   sentence, and (c) argue on appeal and collateral review that the

17   Court's Sentencing Guidelines calculations and the sentence it

18   chooses to impose are not error, although each party agrees to

19   maintain its view that the calculations in paragraph 14 of the Plea

20   Agreement are consistent with the facts of this case.  While this

21   paragraph permits both the USAO and defendant to submit full and

22   complete factual information to the United States Probation and

23   Pretrial Services Office and the Court, even if that factual

24   information may be viewed as inconsistent with the facts agreed to in

25   the Plea Agreements, this paragraph does not affect defendant's and

26   the USAO's obligations not to contest the facts agreed to in the Plea

27   Agreements.

28

12.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under the Plea Agreements. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and within the statutory maximum.

NO ADDITIONAL AGREEMENTS

13.   Defendant understands that, except as set forth in the Plea Agreements, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

14.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney


_____          11/16/2021
BYRON R. TUYAY                             Date
Assistant United States Attorney

_____          11/12/21
NYLENE KRISTINE AMESQUITA                  Date
Defendant

_____          11/12/21
CHARLES EATON                              Date
Deputy Federal Public Defender
Attorney for Defendant AMESQUITA

11

1
## CERTIFICATION OF DEFENDANT

2      I have read this agreement in its entirety.  I understand that

3  this Cooperation Agreement supplements the previously executed

4  underlying Plea Agreement that will be filed prior to the filing of

5  this Cooperation Agreement.  I agree that these Plea Agreements have

6  been structured in two parts for my benefit and protection.  I have

7  had enough time to review and consider this agreement, and I have

8  carefully and thoroughly discussed every part of it with my attorney.

9  I understand the terms of this agreement, and I voluntarily agree to

10  those terms.  No promises, inducements, or representations of any

11  kind have been made to me other than those contained in this

12  agreement and the underlying Plea Agreement.  No one has threatened

13  or forced me in any way to enter into this agreement.  I am satisfied

14  with the representation of my attorney in this matter.  I am entering

15  into this agreement because I wish to provide truthful information to

16  law enforcement and take advantage of the promises set forth in this

17  agreement, and not for any other reason.

18  _____        11/12/21
                                            _____
19  NYLENE KRISTINE AMESQUITA               Date
    Defendant

20

21

22

23

24

25

26

27

28

1

## CERTIFICATION OF DEFENDANT'S ATTORNEY

2   I am NYLENE KRISTINE AMESQUITA's attorney.  I agree that this

3   Cooperation Agreement supplements the previously executed underlying

4   Plea Agreement that will be filed prior to the filing of this

5   Cooperation Agreement.  I agree that these Plea Agreements have been

6   structured in two parts for my benefit and protection.  I have

7   carefully and thoroughly discussed every part of this Cooperation

8   Agreement with my client.  Further, I have fully advised my client of

9   her rights, of possible pretrial motions that might be filed, of

10  possible defenses that might be asserted either prior to or at trial,

11  of the sentencing factors set forth in 18 U.S.C. § 3553(a), of

12  relevant Sentencing Guidelines provisions, and of the consequences of

13  entering into this Cooperation Agreement.  To my knowledge: no

14  promises, inducements, or representations of any kind have been made

15  to my client other than those contained in the Plea Agreements; no

16  one has threatened or forced my client in any way to enter into this

17  agreement; and my client's decision to enter into this agreement is

18  an informed and voluntary one.

19

20  _____          11/12/21
    CHARLES EATON                              _____
    Deputy Federal Public Defender            Date
21  Attorney for Defendant AMESQUITA

22

23

24

25

26

27

28

13